UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-CR-0147-CVE |
| ) | (09-CV-0040-CVE-PJC) |
| WILLIAM BRUCE McELROY, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

On January 27, 2009, defendant William Bruce McElroy, a federal prisoner appearing pro se, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 19). Section 2255 provides that "a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."

**I.**

On August 10, 2006, the grand jury returned an indictment charging defendant with possessing a firearm and ammunition after former felony conviction under 18 U.S.C. § 922(g)(1). The indictment alleged that defendant had three prior felony convictions:

1. "Possession of Controlled Drug, Second Offense," in the District Court of Tulsa County, Oklahoma, Case No. CRF-80-2698, on January 30, 1981;

2. "Possession of Marijuana With Intent to Distribute," in the District Court of Tulsa County, Oklahoma, Case No. CRF-82-865, on September 10, 1982; and

3.    "Driving While Under the Influence of an Intoxicating Liquor," in the District Court of Mayes County, Oklahoma, Case No. CF-02-279, on March 4, 2003 . . . .

Dkt. # 2, at 1. Defendant made his initial appearance on August 18, 2006, and William Lunn was appointed to represent him.

On September 25, 2006, defendant pled guilty to the charge in the indictment pursuant to a written plea agreement.[1] In the plea agreement, defendant agreed to change his plea to guilty and the government agreed to request a sentence at the low end of the guideline range. Dkt. # 12-2, at 8, 18. At the time, existing Tenth Circuit precedent treated a felony conviction for driving under the influence of alcohol (DUI) as a violent felony under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA). See United States v. Begay, 470 F.3d 964 (10th Cir. 2006). The Tenth Circuit also treated prior convictions for DUI as a crime of violence under § 4B1.2 of the United States Sentencing Guidelines (USSG). See United States v. Moore, 420 F.3d 1218 (10th Cir. 2005). Defendant's prior convictions did not subject him to sentencing under the ACCA, and he faced a potential maximum sentence of 10 years under 18 U.S.C. § 924(a)(2). Defendant submitted a petition to enter plea of guilty acknowledging the potential maximum punishment for the charged offense and stated that his attorney had advised him of the effect of the advisory sentencing guidelines. Dkt. # 12-2, at 2-3. The Honorable H. Dale Cook found that defendant's guilty plea was knowing and voluntary, and accepted defendant's guilty plea.

---

[1]   The Court notes that the plea agreement contains a waiver of defendant's appellate and post-conviction rights. Dkt. # 12-2, at 3. The government has not invoked the waiver, and the Court may not sua sponte enforce an appellate and post-conviction waiver. United States v. Contreras-Ramos, 457 F.3d 1144, 1145 (10th Cir. 2006) ("the waiver is waived when the government utterly neglects to invoke the waiver"). Therefore, the Court may consider defendant's claim without determining whether it is barred by the appellate and post-conviction waiver contained in the plea agreement.

The United States Probation Office prepared a presentence investigation report (PSI) stating that defendant's total offense level was 21 and his criminal history placed him in criminal history category IV. Because defendant committed the charged offense subsequent to receiving a prior felony conviction for DUI, a crime of violence under § 4B1.2, his base offense level under USSG § 2K2.1 was 20. Defendant received a four level enhancement for possession of a firearm in connection with another felony offense. Defendant demonstrated acceptance of responsibility by entering a plea of guilty in a timely manner and received a three level reduction for acceptance of responsibility. This resulted in a total offense level of 21. Defendant had seven criminal history points, and this placed him in criminal history category IV. With a total offense level of 21 and a criminal history category of IV, the USSG recommended a sentencing range of 57 to 71 months. Judge Cook held a sentencing hearing on December 11, 2006, and sentenced defendant to 60 months imprisonment. Defendant did not appeal his conviction to the Tenth Circuit or file a § 2255 motion.

On September 25, 2007, the Supreme Court granted a petition for writ of certiorari and agreed to review the Tenth Circuit's decision in United States v. Begay, 470 F.3d 964 (10th Cir. 2006). The issue before the Supreme Court was whether DUI was a violent felony under the ACCA. On April 16, 2008, the Supreme Court issued a decision reversing the Tenth Circuit and holding that DUI was not a violent felony under the ACCA. Begay v. United States, 128 S. Ct. 1581 (2008). In a subsequent decision, the Tenth Circuit found that the Supreme Court's decision in Begay also overruled Moore and DUI is no longer a crime of violence as defined in USSG § 4B1.2. United States v. Tiger, 538 F.3d 1297 (10th Cir. 2008).

Defendant filed his § 2255 motion (Dkt. # 19) on January 27, 2009 seeking re-sentencing under the Supreme Court's decision in Begay. The government filed a response (Dkt. # 26) asking

3

the Court to grant defendant's motion, and agreed that defendant was entitled to re-sentencing under Begay and Tiger. Defendant's motion was filed within one year of the Supreme Court's decision in Begay, and it is timely under 28 U.S.C. § 2255(f)(3).[2]

**II.**

Defendant claims that his prior conviction for DUI was improperly treated as a crime of violence under USSG § 4B1.2, and this resulted in an increased advisory guideline range and a higher sentence for defendant. In this case, Judge Cook used defendant's prior conviction for DUI to increase defendant's base offense level to 20 when calculating the appropriate guideline range. However, the Tenth Circuit has since decided that Begay changes the interpretation of USSG § 4B1.2, and DUI is no longer a crime of violence under § 4B1.2 under this section of the guidelines. Tiger, 538 F.3d at 1298-99.

To determine whether defendant can seek relief based on the rule announced in Begay through a § 2255 motion, the Court must consider whether Teague v. Lane, 489 U.S. 288 (1989), applies and, if so, whether defendant can rely on Begay as a basis for relief in collateral proceedings. In Teague, the Supreme Court held that new rules of criminal procedure are generally inapplicable to cases on collateral review. Id. at 305-06. The Supreme Court has subsequently clarified that a "new rule applies retroactively in collateral proceedings only if (1) the rule is substantive or (2) the rule is a 'watershed rul[e] of criminal procedure' implicating the fundamental fairness and accuracy

---

[2]   Under § 2255(f)(3), a defendant must file a § 2255 motion within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ." As will be discussed below, Begay satisfies the requirements of § 2255(f)(3), because it announced a rule of substantive law, rather than a new procedural rule, and it applies retroactively to cases on collateral review.

4

of the criminal proceedings." Whorton v. Bockting, 127 S. Ct. 1173, 1180 (2007). An example of a new substantive rule was the rule created in Bailey v. United States, 516 U.S. 137 (1995), when the Supreme Court held that the "use" element of 18 U.S.C. § 924(c)(1) required the government to prove "active employment of the firearm" rather than mere possession. Id. at 144. In Bousley v. United States, 523 U.S. 614 (1998), the Supreme Court determined that Bailey announced a new substantive rule and Teague did not prevent the defendant from raising a claim based on Bailey in collateral proceedings. Bousley, 523 U.S. at 619-20 ("because Teague by its terms applies only to procedural rules, we think it is inapplicable to the situation in which this Court decides the meaning of a criminal statute enacted by Congress."). The Supreme Court has not recognized any new rule of criminal procedure as a watershed rule since Teague was decided. Whorton, 127 S. Ct. at 1181-82.

The government concedes that Begay announced a new substantive rule and defendant's claim for re-sentencing is not subject to the restrictions of Teague. A rule is procedural if it "merely raise[s] the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise," while a substantive rule "narrows the scope of a criminal statute by interpreting its terms . . . [or] place[s] particular conduct or persons covered by the statute beyond the State's power to punish." Schriro v. Summerlin, 542 U.S. 348, 351-52 (2004). In Begay, the Supreme Court construed the ACCA and found that DUI did not fall within the statutory definition of a violent felony. Begay, 128 U.S. at 1588. Begay did not craft a new sentencing procedure but, as interpreted by the Tenth Circuit in Tiger, it limited the types of crimes that may treated as crimes of violence under the sentencing guidelines. Tiger, 538 F.3d at 1298 ("Because the Court's reasoning in Begay applies equally to the sentencing guidelines, we hereby overrule our holding in

5

Moore that '[d]riving while intoxicated clearly presents a 'serious potential risk of physical injury to another' and therefore is a crime of violence under § 4B1.2'"). A new rule is substantive if it limits the reach of a federal criminal statute and creates a risk that a person has been punished for "an act that the law does not make criminal" or, in this case, that a person's sentence has been increased based on conduct outside the scope of the federal statute used to enhance the person's sentence. See Bousley, 523 U.S. at 620-21. Under the Supreme Court's decision in Begay and as construed by the Tenth Circuit in Tiger, a defendant's base offense level under the sentencing guidelines may not be enhanced by treating a conviction for DUI as a crime of violence, and a defendant whose guideline range was increased by treating a DUI conviction as a crime of violence may have been improperly sentenced. The Court finds that Begay announced a new substantive rule, rather than a procedural rule, because Begay limits the authority of a court to increase a defendant's punishment for certain types of conduct. Therefore, Teague is inapplicable and defendant may rely on Begay to challenge his sentence in a § 2255 motion.

After reviewing defendant's § 2255 motion, the Court finds that his motion should be granted, because defendant may be entitled to a reduced sentence under Begay, as this decision was interpreted by the Tenth Circuit in Tiger. The Tenth Circuit held in Tiger that Begay changed the interpretation of crime of violence under § 4B1.2, and the term "crime of violence" is used throughout the USSG. Defendant's base offense level under § 2K2.1 was increased to due to Judge Cook's finding that defendant committed the charged offense after a prior conviction for a crime of violence. Although Judge Cook's decision was correct at the time defendant was sentenced, DUI is no longer a crime of violence and defendant may be entitled to a reduced sentence.

**IT IS THEREFORE ORDERED** that defendant's motion to vacate, set aside or correct sentence (Dkt. # 19) is **granted**. A separate judgment is entered herewith.

**IT IS FURTHER ORDERED** that this matter is set for re-sentencing on **July 7, 2009 at 2:00 p.m.**

**IT IS FURTHER ORDERED** that counsel for the plaintiff shall make arrangements for the transportation of defendant to this district for resentencing.

**DATED** this 14th day of May, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT